McGREGOR W. SCOTT
United States Attorney
LAURA D. WITHERS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-0237-LJO-SKO |
|---|---|
| Plaintiff, | |
| v. | STIPULATION TO SET CHANGE OF PLEA AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| ANTONIO ELIZONDO-RUBIO, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on March 17, 2021.

2. By this stipulation, the parties now move to vacate this status conference and to set this matter for a change of plea on March 18, 2021, and to exclude time between March 17, 2021, and March 18, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case has been produced directly to counsel and/or made available for inspection and copying.

   b) The defendant has elected to enter a change of plea without a plea agreement with the government. Counsel for defendant requires time to consult with his client, as well as to

prepare his for the change of plea.  Counsel for defendant also requires time to prepare for the sentencing hearing in this case.

        c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d)      The government does not object to the continuance.

        e)      Based on the above-stated findings, the ends of justice served by vacating the status conference and setting a change of plea as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 17, 2021 to March 18, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  February 24, 2021 | MCGREGOR W. SCOTT<br>United States Attorney<br><br>/s/ LAURA D. WITHERS<br>LAURA D. WITHERS<br>Assistant United States Attorney |
| Dated:  February 24, 2021 | /s/ DARRYL E. YOUNG<br>DARRYL E. YOUNG<br>Counsel for Defendant<br>ANTONIO ELIZONDO-RUBIO |

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:   **February 24, 2021**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE